UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Harold E. McCoy and Mark S. Hughes; | ) | C/A No. 6:08-679-MBS-WMC |
| | ) | |
| Louis T. Recht and Michael R. Wood; | ) | C/A No. 6:08-680 -MBS-WMC |
| | ) | |
| Lonzy Oliver and Richard H. Clinton; | ) | C/A No. 6:08-681-MBS-WMC |
| | ) | |
| Steven M. DeLong and Andrew L. Granger; | ) | C/A No. 6:08-682-MBS-WMC |
| | ) | |
| Tonya Star Jones, a/k/a Anthony Jones, and Michael Anthony Williams; | ) | C/A No. 6:08-683-MBS-WMC |
| | ) | |
| Dennis Clay Sharpless and Robert J. Triffin; | ) | C/A No. 6:08-684-MBS-WMC |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1] Plaintiff filed the six (6) civil actions listed above as "class action" suits against a variety of defendants. The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief.[2]

---

[1] Since December, 2007, Plaintiff has filed one hundred and thirty-seven (137) cases, including the present action, with this Court.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

**Pro Se Review**

A review has been made of the *pro se* pleadings pursuant to the Prison Litigation Reform Act (PRLA).[3] This review has also been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*) (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (1986). The requirement of liberal construction does not mean

---

[3] It is noted that Plaintiff failed to provide the financial documents necessary to render these cases in proper form. Typically, an order directing the prisoner to submit an Application to Proceed Without Prepayment of Fees and Costs (Form AO-240) and a Financial Certificate would be issued for each case. *See* Procedures In Civil Actions Filed By Prisoner *Pro Se* Litigants, Misc. No. 3:07-mc-5014-JFA. However, as Plaintiff is barred by the "three strikes" rule in the above actions from proceeding *in forma pauperis,* an order directing Plaintiff to submit an application to proceed without prepayment of the fees would be futile.

that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

The Plaintiff's claims in the above listed cases are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[4] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.")

---

[4] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the terms "danger," "serious danger" and/or "imminent danger" in all of the above captioned complaints. Plaintiff claims he has been threatened by the Defendants, as follows:

**1.**     ***Riches v. Harold E. McCoy and Mark S. Huges*, C/A No. 6:08-0679-MBS-WMC**

Plaintiff claims the Defendants have accessed his credit reports and "opened up accounts with Equifax, Experian, and transunion in Plaintiff's names. Plaintiff's face serious danger from Defendants abuse and constant threats."

**2.**     ***Riches v. Louis T. Recht and Michael R. Wood*, C/A No. 6:08-0680-MBS-WMC**

Plaintiff states, "Defendants threatened to knock out Plaintiffs and to strip Plaintiff's wealth. Plaintiffs are in constant fear. Plaintiffs are a underground anti-fraud network with 1,000 members. Defendants want to stop the group. Plaintiffs are in imminent danger and seek a restraining order."

**3.**     ***Riches v. Lonzy Oliver and Richard H. Clinton*, C/A No. 6:08-0681-MBS-WMC**

In this case, Plaintiff claims, "Plaintiffs lives and personal finances are in danger from Defendants. Defendant's hacked into plaintiffs Bank of America Accounts and Wachovia trust Brokerage accounts and have threatened to destroy plaintiffs finances. Plaintiffs face imminent danger. Plaintiffs seek a restraining order."

**4.**     ***Riches v. Steven M. DeLong and Andrew L. Granger*, C/A No. 6:08-0682-MBS-WMC**

Plaintiff states, "Plaintiff's are facing imminent danger. . . On 10-5-07, 11-16-07, 12-22-07, and 1-04-08, Plaintiffs sent threatening letters to the police to tell them to tell defendants to stop. Defendants are shutting down plaintiff's webpages. Plaintiffs have nightmares and are in fear of defendants."

5. *Riches v. Tonya Star Jones, a/k/a Anthony Jones and Michael Anthony Williams*, C/A No. 6:08-0683-MBS-WMC

Plaintiff claims, "Defendant Star Jones has been sending threatening letters to Milan and Trigona. Defendant Jones plans to transfer to FCI Williamsburg to inflict bodily harm on Riches. Riches and Defendant does not get along. Plaintiffs are in constant fear. Plaintiffs are in imminent danger from Defendant and seek a restraining order."

6. *Riches v. Dennis Clay Sharpless and Robert J. Triffin*, C/A No. 6:08-0684-MBS-WMC

Plaintiff states, "Plaintiffs lives are in danger and seek a restraining order. Defendants told all the Plaintiffs that they are dead and that on 1-20-08, Defendants are going to burn them. Plaintiffs seeks a injunction with this Court to stop the 24 hour harassment by Defendants."

Although Plaintiff attempts to invoke the exception to § 1915(g) by using the term "imminent danger", the instant complaints contain no allegations of any type of "ongoing serious injury" suffered by the Plaintiff. Many of the alleged "threats" received by the Plaintiff were transmitted by mail and the majority of the cases deal with the "imminent danger" to Plaintiff's credit, wealth/finances, and /or web pages. The two cases (6:08-683-MBS-WMC and 6:08-684-MBS-WMC) which deal with threats to Plaintiff's person are too speculative to evidence a "likelihood of imminent serious physical injury."[5] Thus, Plaintiff has failed to invoke the "imminent danger" exception to § 1915(g), and is barred by the

---

[5] An "inmate search" on the Federal Bureau of Prisons' (BOP)website revealed that none of the Defendants, except Anthony Jones, has any possible immediate access to the Plaintiff. However, as there were ninety-four (94) individuals named "Anthony Jones" listed on the BOP web site, it is impossible to discern whether the Anthony Jones named by Plaintiff is the same individual incarcerated at FCI Williamsburg.

6

"three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases.  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Recommendation

Should Plaintiff fail to pay the filing fees as directed above, it is recommended that the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g).  See *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  The Plaintiff's attention is directed to the important notice on the next page.

March 13, 2008                                         s/William M. Catoe
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).