IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Harold E. McCoy and Mark S. Hughes, | ) | C/A No. 6:08-0679-MBS |
| | ) | |
| Louis T. Recht and Michael R. Wood, | ) | C/A No. 6:08-0680-MBS |
| | ) | |
| Lonzy Oliver and Richard H. Clinton, | ) | C/A No. 6:08-0681-MBS |
| | ) | |
| Steven M. DeLong and Andrew L. Granger, | ) | C/A No. 6:08-0682-MBS |
| | ) | |
| Tonya Star Jones, a/k/a Anthony Jones, and Michael Anthony Williams, | ) | C/A No. 6:08-0683-MBS |
| | ) | |
| Dennis Clay Sharpless and Robert J. Triffin, | ) | C/A No. 6:08-0684-MBS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**O R D E R**

Plaintiff Jonathan Lee Riches is an inmate in custody of the Bureau of Prisons. Plaintiff currently is incarcerated at FCI-Williamsburg in Salters, South Carolina. Plaintiff, proceeding pro se, filed the captioned actions pursuant to 42 U.S.C. § 1983, seeking injunctive relief. The court previously has dismissed at least three cases deemed as "strikes" under 28 U.S.C. § 1915(g). Thus, Plaintiff cannot proceed with the instant complaints unless (1) his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule, or (2) he pays the full filing fee. See id.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge

reviewed the complaints pursuant to the Prison Litigation Reform Act of 1996. On March 13, 2008, the Magistrate Judge issued a Report and Recommendation in which he found that the within complaints contain no allegations of any type of ongoing serious injury. The Magistrate Judge noted that many of the alleged "threats" received by Plaintiff were transmitted by mail, and the majority of the cases deal with the "imminent danger" to Plaintiff's credit, wealth/finances, and/or web pages. The Magistrate Judge also found any other allegations dealing with threats to Plaintiff's person to be too speculative to show a likelihood of imminent serious physical harm. Accordingly, the Magistrate Judge determined that Plaintiff is barred by the "three-strikes" rule from proceeding with the captioned cases unless he pays the filing fee of $350.00 for each case. Plaintiff was granted ten days, excluding holidays and weekends, plus three days for mailing, to pay the filing fees. The Magistrate Judge recommended that, should Plaintiff fail to pay the filing fee, the within actions be dismissed pursuant to the "three strikes" rule of § 1915(g). Plaintiff neither filed objections to the Report and Recommendation, nor paid the filing fees.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within actions are dismissed under the "three strikes" rule of § 1915(g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

April 9, 2008

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3